**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      No. 96-20004

LORENZO HUGHES,

    Defendant.
                                      /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO MODIFY SENTENCE**

Pending before the court is Defendant Lorenzo Hughes's "Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support." The Government has filed a response in opposition, and Defendant's appointed counsel has filed a reply. For the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

Defendant was convicted under 21 U.S.C. § 841(a)(1)[1] for the distribution of crack cocaine and was sentenced to 204 months of incarceration in December of 1996. (Mot. at 1.) In calculating his sentence, the court classified Defendant as a career

---

[1] Title 21 of the United States Code, Section § 841 provides, in relevant part:

(a) Unlawful acts: Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841.

offender[2] under the United States Sentencing Guidelines. (Def.'s Reply at 1.) Defendant, through appointed counsel, now argues that, in light of the lowering of certain guideline sentencing ranges for crack cocaine offenses, the court should reduce his sentence. (Def.'s Mot. at 2.)

## II. DISCUSSION

Defendant's sentencing classification as a career offender prevents his desired reduction in sentence. A district court may reduce a defendant's sentence if modification is authorized by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Title 18 of the United States Code, section 3582(c)(2) allows a court to "reduce the term of imprisonment" "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement regarding sentence reductions pursuant to § 3582(c)(2), which (1) outlines those situations in which a prisoner is eligible for a reduction under the statute, (2) lists the factors a court must take into account when considering a defendant's sentence reduction, and (3) puts limitations on the extent to which a court

---

[2] Under the United States Sentencing Guidelines,

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Here, Defendant was more than eighteen years old at the time of his convicted controlled substance offense and had prior felony convictions for both a controlled substance and a crime of violence offense. (Pl.'s Resp. at 1; Def.'s Reply 1.)

may reduce a sentence. *See* U.S.S.G. § 1B1.10.

Most important here, § 3582(c)(2) applies only to those amendments listed in its subsection (c), U.S.S.G. § 1B1.10(a)(1), which as of March 3, 2008 includes the amendment modifying the guideline range for cocaine base offenses.[3] *See* U.S.S.G. § 1B1.10(c) ("Covered Amendments. . . . 706 as amended by 711 . . . ."). Section 3582(c)(2) does not cover those defendants to whom no subsection (c) amendment applies, U.S.S.G. § 1B1.10(a)(2)(A), nor those for whom an applicable subsection (c) amendment would have no lowering effect. U.S.S.G. § 1B1.10(a)(2)(B).

Defendant was sentenced under Sentencing Guideline § 4B1.1 as a career offender. This section is not among those included as "Covered Amendments" for sentence reduction. *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (holding that "[a]lthough the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1"). The fact that Defendant's underlying offense was for the distribution of crack cocaine does not change the analysis, because his sentence was based on his status as a career offender, not for the drug offense itself. *United States v. Hayes*, No. 96-80082, 2008 WL 2444446, *1 (E.D. Mich. June 13, 2008).

Defendant counters that, while he was sentenced as a career offender, "there are cases in which a § 3582(c)(2) defendant has achieved a reduction despite his status as

---

[3]The Sentencing Commission made retroactive Amendment 706's lower ranges for cocaine base offenses by amending its policy statement on 18 U.S.C. § 3582(c)(2) to include 706 as one of amendments to which the statute can apply. *See* U.S.S.G. § 1B1.10(c).

a career offender." (Def.'s Reply at 2.)  Unfortunately, the cases cited by Defendant do not support his position.  Defendant cites *United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008) as demonstrative of a career offender being granted a sentence reduction.  That court noted that the defendant's sentencing court "found that although [the defendant] was a career offender within the meaning of § 4B1.1 . . . treating him as such would 'overstate his criminal history . . .'" and so the court "departed from the sentencing range applicable under the career offender provision . . ." *Id.* at 20.  Thus, while the *Ragland* court *could* have sentenced the defendant as a career offender, the court did not.  *Id.*  The other cases cited by Defendant are similar in analysis and similarly unavailing.[4]  As Defendant admits, he was sentenced as a career offender, (Def.'s Reply at 1), and thus the court lacks jurisdiction to reduce Defendant's sentence.  18 U.S.C. § 3582(c); *Tingle*, 524 F.3d at 840.

## III.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support" [Dkt. # 37] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 13, 2008

---

[4] Defendant cites to *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008), which noted "[w]ere we to find [the defendant] was sentenced under the career offender guideline, Amendment 706 would not apply to his sentence." *Id.* at 580.  The court then held, "[the sentencing judge] did *not* sentence [the defendant] under the career offender guideline." *Id.* (emphasis in original).  Finally, Defendant cites to *United States v. Collier*, No. 05-CR-313, 2008 WL 4204976 (E.D. Mo. 2008), which stated, in reference to the defendant's sentencing court, "[t]he Court did not sentence [the defendant] under the career offender guideline . . . ." *Id.* at *2.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 13, 2008, by electronic and/or ordinary mail.

                                                 S/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\96-20004.HUGHES.Deny.Reduction.Career.Offender-EEW.wpd

5